**Electronically Filed
Intermediate Court of Appeals
30487
30-NOV-2011
08:43 AM**

NO. 30487

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

GREGORY NAGAO, Petitioner-Appellant,
v.
STATE OF HAWAI'I, Respondent-Appellee.

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(SPP NO. 09-1-0093 (CR NO. 94-1501))

SUMMARY DISPOSITION ORDER
(By: Nakamura, C.J., and Fujise and Reifurth, JJ.)

Petitioner-Appellant Gregory Nagao (Nagao) appeals from the Order Denying Petition to Set Aside Judgment (Order Denying Petition) that was filed on April 6, 2009, in the Circuit Court of the First Circuit (Circuit Court).[1] Nagao filed his Petition to Set Aside Judgment (Petition) pursuant to Hawai'i Rules of Penal Procedure (HRPP) Rule 40 (2006). The Circuit Court denied Nagao's Petition without a hearing, concluding that Nagao's claims were (1) previously ruled upon or waived pursuant to HRPP Rule 40(a)(3); (2) "patently frivolous and without a trace of support either in the record or from other evidence submitted" by Nagao; and (3) "failed to state a claim upon which relief may be granted."

---

[1] The Honorable Dexter D. Del Rosario presided over the proceedings relevant to this appeal.

On appeal, Nagao argues that because he raised a colorable claim of ineffective assistance of counsel, the Circuit Court erred in denying his Petition without a hearing. We affirm the Circuit Court's Order Denying Petition.

I.

On July 25, 1995, a jury found Nagao guilty of first degree robbery with the use of a firearm (Count II) and possession of a prohibited firearm, namely, a short-barreled shotgun (Count III) in Cr. No. 94-1501. Nagao filed a motion for sentencing as a young adult defendant. The prosecution moved for a mandatory minimum term of imprisonment based on Nagao's use a firearm and also moved for an extended term of life imprisonment as a multiple offender. On April 18, 1996, the Circuit Court sentenced Nagao to eight years of imprisonment on Count II as a young adult defendant and five years of imprisonment on Count III. The Circuit Court also imposed a mandatory minimum term of imprisonment of five years.

On appeal from the original judgment in Cr. No. 94-1501, this court concluded that the Circuit Court had misapprehended the law in imposing the five-year term of imprisonment on Count III and the mandatory minimum term. State v. Nagao, No. 19866 (Hawai'i App. Mar. 19, 1997) (memorandum opinion). We therefore vacated these sentences and remanded the case for resentencing. Id. On remand, the Circuit Court entered an amended judgment on February 4, 1998, which sentenced Nagao as a young adult defendant to eight years of imprisonment on Count II and four years of imprisonment on Count III. Nagao did not appeal from the February 4, 1998, amended judgment.

On December 14, 2009, Nagao filed the instant Petition seeking to "set aside the [amended] [j]udgment" and to "reset the case for a trial on the merits" based on the ineffective assistance of his trial counsel. Nagao argued that his trial counsel was ineffective for advising him that the only way to avoid deportation was to obtain an acquittal at trial. Nagao contended that this constituted ineffective assistance because if

2

he had pleaded guilty to the charges, instead of being convicted after trial, he could have sought a waiver of deportation pursuant to Section 212(c) of the Immigration and Nationality Act (INA).

## II.

For the reasons set forth below, we conclude that the Circuit Court did not err in denying the Nagao's Petition without a hearing.

(1)  Before Nagao appealed from his original judgment, his trial counsel withdrew and new counsel was appointed. Nagao's new counsel did not raise a claim that trial counsel was ineffective on direct appeal from the original judgment, and Nagao did not appeal from the February 4, 1998, amended judgment entered on remand.  By failing to raise the claim of ineffective assistance of trial counsel on direct appeal from the original judgment and by failing to appeal from the amended judgment, Nagao waived the claim of ineffective assistance of trial counsel that he raised in his Petition.  See HRPP Rule 40(a)(3).

(2) In addition, we conclude that Nagao did not raise a colorable claim of ineffective assistance of trial counsel in his Petition.  A defendant who raises a claim of ineffective assistance of counsel has the burden of satisfying a two-part test, which requires the defendant to show: "(1) that there were specific errors or omissions reflecting counsel's lack of skill, judgment, or diligence; and (2) that such errors or omissions resulted in either the withdrawal or substantial impairment of a potentially meritorious defense."  State v. Richie, 88 Hawaiʻi 19, 39, 960 P.2d 1227, 1247 (1998).

(a)  Nagao has not shown specific errors reflecting his trial counsel's lack of skill, judgment, or diligence.  Nagao contends that his conviction after trial rendered him ineligible to seek a discretionary waiver of deportation pursuant to Section 212(c) of the INA (Section 212(c)), whereas he would have been able to seek such a waiver had he pleaded guilty to the charges. Based on this contention, Nagao argues that his trial counsel

3

rendered ineffective assistance by failing to advise Nagao that he should plead guilty rather than go to trial.

However, prior to the enactment of the Antiterrorism and Effective Death Penalty Act (AEDPA) and the Illegal Immigration Reform and Immigrant Responsibility Act (IIRIRA) in 1996, a defendant's eligibility for a waiver of deportation under Section 212(c) did not depend on whether the defendant pleaded guilty or was found guilty after trial. See Brooks v. Ashcroft, 283 F.3d 1268, 1273 (11th Cir. 2002), superseded by statute on other grounds as stated in Ferguson v. U.S. Atty. Gen., 563 F.3d 1254, 1259 (11th Cir. 2009); Ponnapula v. Ashcroft, 373 F.3d 480, 497-500 (3d Cir. 2004).[2] Prior to the AEDPA and the IIRIRA,

> immigrants who were deportable on the basis of a criminal offense could apply for [Section] 212(c) relief so long as they had lived in this country continuously for seven years. Only those who had been convicted -- either by plea or at trial -- of a crime that fell under the definition of an "aggravated felony," see 8 U.S.C. § 1101(a)(43) (1994), and who had served a prison term of at least five years were statutorily ineligible for discretionary relief. See 8 U.S.C. § 1182(c) (1994).

Ponnapula, 373 F.3d at 486.

In April 1996, Congress enacted the AEDPA which made aliens convicted of an increased range of offenses, including aggravated felonies regardless of the length of the sentence, ineligible for discretionary relief from deportation under Section 212(c). See id. at 482; INS v. St. Cyr, 533 U.S. 289, 292, 297 (2001). In September 1996, Congress enacted the IIRIRA which expanded the definition of "aggravated felony," repealed Section 212(c), and replaced Section 212(c) with a new section that precluded the Attorney General from waiving deportation for anyone convicted of an aggravated felony. See St. Cyr, 533 U.S. at 292, 297; Ponnapula, 373 F.3d at 482; Mattis v. Reno, 212 F.3d

---

[2] Under Section 212(c), the United States Attorney General had the authority to grant a discretionary waiver of deportation to certain aliens who would otherwise have been subject to deportation based on their criminal convictions. See INS v. St. Cyr, 533 U.S. 289, 294-97 (2001).

31, 38-39 & n.12 (1st Cir. 2000), <u>overruled on other grounds</u>, <u>St. Cyr</u>, 533 U.S. 289.

The 1996 enactment of the AEDPA and the IIRIRA raised the question of whether aliens convicted of an aggravated felony before the AEDPA and the IIRIRA would be ineligible to seek a Section 212(c) waiver in deportation proceedings brought after the effective dates of those statutes. In 2001, the United States Supreme Court decided this issue in <u>St. Cyr</u> and held that the AEDPA and the IIRIRA could not be retroactively applied to preclude Section 212(c) relief to an alien who pleaded guilty to an aggravated felony at a time when a Section 212(c) waiver was available to the alien. <u>St. Cyr</u>, 533 U.S. at 317-26. The Court reasoned that aliens pleading guilty to aggravated felonies prior to the AEDPA and the IIRIRA likely gave up their trial rights with the expectation that they could seek a Section 212(c) waiver, and therefore precluding any possibility of Section 212(c) relief by applying the AEDPA and IIRIRA retroactively to such aliens would be improper. <u>Id.</u> at 321-26.

It is the Supreme Court's 2001 decision in <u>St. Cyr</u> that spawned the distinction between aliens who pleaded guilty and those who were convicted after trial with respect to eligibility for Section 212(c) waivers. In the wake of <u>St. Cyr</u>, the federal circuit courts of appeal have split over whether the ADEPA and the IIRIRA can be retroactively applied to aliens who were convicted after trial. <u>See Kellerman v. Holder</u>, 592 F.3d 700, 705-06 (6th Cir. 2010). The majority of circuits, including the Ninth Circuit, have held that the AEDPA and the IIRIRA can be retroactively applied to aliens who were convicted after trial because, unlike aliens who pleaded guilty, aliens who were convicted after trial did not abandon any rights in reliance on the aliens' continued eligibility for the Section 212(c) waiver. <u>See id.</u>; <u>Armendariz-Montoya v. Sonchik</u>, 291 F.3d 1116, 1121 (9th Cir. 2002).

Here, Nagao received advice from his trial counsel and went to trial in 1995. This was not only before the AEDPA and

5

the IIRIRA were enacted, but before the St. Cyr's retroactivity analysis made the distinction between pleading guilty and being convicted after trial relevant to eligibility for waivers under Section 212(c). At the time Nagao went to trial, there was no distinction between pleading guilty and being convicted after trial for purposes of eligibility for a Section 212(c) waiver. See Brooks, 283 F.3d at 1273. Accordingly, Nagao's trial counsel did not exhibit a lack of skill, judgment, or diligence in failing to distinguish between the deportation consequences of Nagao pleading guilty and being convicted after trial. Nagao has not shown that when trial counsel was advising Nagao in 1995, trial counsel could reasonably have predicted that the AEDPA and the IIRIRA would subsequently be enacted and that the 2001 St. Cyr decision would attach different deportation consequences (in some federal circuits) to pleading guilty and to being convicted after trial.[3]

(b) Nagao cannot show that any alleged errors of his trial counsel resulted in either the withdrawal or substantial impairment of a potentially meritorious defense. Nagao does not claim that he has a potentially meritorious defense to the charges of which he was convicted in this case. Indeed, his only claim is that due to the ineffective assistance of his trial counsel, he was convicted by jury verdicts rather than by guilty pleas. Nagao cites no authority to support the contention that he suffered the withdrawal or substantial impairment of a potentially meritorious defense under the circumstances of this case. The illogic of Nagao's argument is highlighted by the

---

[3] Trial counsel's advice that Nagao could only avoid deportation by obtaining an acquittal was technically incorrect because Section 212(c) waivers were available in 1995. However, at that time, a Section 212(c) waiver was available regardless of whether Nagao pleaded guilty or was convicted after trial. Thus, if Nagao's major concern was to avoid deportation, it was not objectively unreasonable or ineffective for trial counsel to advise Nagao to proceed to trial. See Briones v. State, 74 Haw. 442, 462, 848 P.2d 966, 976 (1993). When trial counsel rendered the advice, securing an acquittal was the only way for Nagao to avoid being subject to deportation, and he could still seek a Section 212(c) waiver if he was convicted after trial. Thus, it appears that going to trial gave Nagao the best chance of avoiding deportation.

relief he requested in his Petition. Although he argues that his trial counsel's deficient advice deprived him of the opportunity to plead guilty to the charges (Counts II and III), the remedy he seeks is to have this court set aside his judgment of conviction on these charges and reset the case for a trial on the merits.

(3) Nagao's reliance on Padilla v. Kentucky, 130 S. Ct. 1473 (2010) is misplaced. In a post-conviction proceeding, Padilla sought to invalidate his guilty plea to drug charges based the erroneous advice he received from counsel regarding the deportation consequences of his plea. Id. at 1478. The United States Supreme Court held that before a non-citizen criminal defendant enters a guilty plea, defense counsel has a duty under the Sixth Amendment to inform the defendant whether the plea carries a risk of deportation. Id. at 1486. The Court concluded that because the law was clear that Padilla would be subject to "presumptively mandatory" deportation if convicted of the drug charges, Padilla's claim that counsel advised Padilla that he did not have to worry about deportation in pleading guilty, if true, was sufficient to show that counsel's representation fell below an objective standard of reasonableness. Id. at 1478, 1482-84. The Court remanded the case for further proceedings to determine whether Padilla could demonstrate his entitlement to relief by showing that he was prejudiced by his counsel's alleged objectively unreasonable representation. Id. at 1483-87.

Nagao cites Padilla to support his claim that his trial counsel provided ineffective assistance. However, Padilla is distinguishable. Padilla involved a situation in which a criminal defendant claimed that he was induced to plead guilty as the result of counsel's failure to properly advise him of the adverse deportation consequences of pleading guilty. Here, Nagao does not claim that he was induced to plead guilty as a result of trial counsel's failure to properly advise him of the deportation consequences of pleading guilty. Moreover, for the reasons previously discussed, Nagao cannot show that his trial counsel's representation was objectively unreasonable or that it resulted

7

in the withdrawal or substantial impairment of a potentially meritorious defense.

III.

We conclude that Nagao's Petition did not raise a colorable claim of ineffective assistance of trial counsel.  The Order Denying Petition is affirmed.

DATED:  Honolulu, Hawai'i, November 30, 2011.

On the briefs:

Emmanuel G. Guerrero
for Petitioner-Appellant

Brian R. Vincent
for Respondent-Appellee

*Craig H. Nakamura*
Chief Judge

*Alexa D.M. Fujise*
Associate Judge

*Lawrence M. Reifurth*
Associate Judge

8